Bell, J.
The only difference between the facts of this case and those of the Shaver case, supra, is in the manner of disposition of the annexation petitions. In the Shaver case the commissioners had allowed the annexation, but it was subsequently enjoined. In the instant case, the annexation petitions were disallowed by the commissioners themselves.
This court held in the Shaver case that the granting of the injunction was tantamount to a finding that the annexation proceedings were void from the beginning, and that, since there had been no valid acquisition of jurisdiction by the county commissioners, there was no reason why the recorder should not accept for recording the transcript of the incorporation proceeding.
It is unfortunate, indeed, that the statutory situation is such that proponents of annexation and those of incorporation are required to engage in races to the courthouse; and the chaos alxd confusion which exist as a result of discrepancies in timing and the parallel jurisdictions of county commissioners and township trustees should undoubtedly be made the subject of careful legislative study.
However, taking the present statutes as we find them, we believe the same rule should apply as well to the case where the annexation proceeding is disposed of by the commissioners themselves as to the ease where a court, by injunction, disposes of it.
*279 In this case, at the time the court was called upon to make a decision as to the validity of the incorporation proceeding, there was no jurisdictional impediment to such proceeding. Obviously, had any of the annexation proceedings actually been pending at the time of such decision, or if the commissioners had previously allowed any or all of the annexation petitions, there would have been no basis upon which the incorporation could proceed, and the court would have been justified in granting the injunction. But the township trustees had jurisdiction of the subject matter at the time the incorporation petition was filed and, since, at the time their action was subjected to judicial scrutiny, there were no proceedings for annexation pending before the county commissioners, they are entitled to proceed with such incorporation.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for such further considerations as will dispose of the remaining issues.

Judgment reversed.

WeygaNdt, C. J., Zimmerman, Stewart and Taet, JJ., concur.
Matthias and Herbert, JJ., dissent.